# ELLEN T. WAGNER v. TOWNSHIP OF JACKSON.

APPEAL BY DEFENDANT FROM THE COURT OF COMMON PLEAS
OF LEBANON COUNTY.

Argued February 20, 1890—Decided March 3, 1890.

(*a*) In an action against a township for negligence, it was shown that the horse the plaintiff was driving became unmanageable by fright, turned about, and, running away, broke a wheel and dragged the buggy upon a stone-heap in the public road, throwing the plaintiff out:

1. In such case, if the plaintiff's injury was caused in part by the fright of the horse, the broken wheel and the dragging axle, and in part by the negligence of the supervisors of the township, the township was responsible and the plaintiff was entitled to recover.

2. On the other hand, if her injury was caused simply by the fright of the horse, the broken wheel and the dragging axle, and not by the carelessness and negligence of the supervisors, the township would not be responsible, and the question of such negligence was for the jury.

Before PAXSON, C. J., STERRETT, GREEN, CLARK, WILLIAMS and MITCHELL, JJ.

No. 231 January Term 1890, Sup. Ct.; court below, No. 164 September Term 1887, C. P.

On September 8, 1887, Ellen T. Wagner brought trespass against the township of Jackson, to recover damages for personal injuries alleged to have been incurred by reason of a defect in a public highway. Issue.

At the trial on November 12, 1888, a verdict was rendered and judgment entered in favor of the plaintiff for $3,000, and on writ of error to No. 271 January Term 1889, the judgment was reversed with a venire de novo: Jackson Tp. v. Wagner, 127 Pa. 184.

At the second trial on November 11, 1889, the case presented showed that on July 9, 1887, the plaintiff was driving with her sister and three children in a buggy along Mill street, a public highway in Jackson township; that she was going in a westward direction, and had passed a pile of stones and a depression in the road, and when about 120 feet beyond the stone pile two donkeys were met in the road, one of which was running

loose; that the plaintiff's horse became frightened, turned short around and broke off the left forward wheel of the buggy; that facing eastward the horse ran down the road and upon the stone pile and hole in the road, where the buggy was overthrown and plaintiff injured. The plaintiff testified that before they reached the stone pile she was getting the horse under control.

The court, McPHERSON, J., charged the jury in part, as follows:

You understand that up to this point the steps of your inquiry are these: First, was the plaintiff guilty of any contributory neglience? You understand that if she were, she cannot recover. In the second place, if she was not herself negligent and contributed to her injury, was the township negligent? Was there a road here sufficient for all the ordinary purposes of ordinary travel in the ordinary manner? If there was not, then the township may be responsible. The jury then come to the question, whether her injury was due to these defects in the highway; to the fact that there was not there a road of this kind, such as the supervisors were bound to provide for the ordinary traveling public. [Was her injury due to that cause, either in whole or in part? For, if her injury was caused in part by the accidents that befell her, and in part by the negligence of the supervisors of the township, then the township is responsible. But, upon the other hand, if her injury was caused simply by her accidents, and not by the carelessness and negligence of the supervisors, then the township would not be responsible and she could not recover. Those are the questions which will determine whether or not she is entitled to recover.] [1] . . . . .

At this point I will answer the defendant's points, since they bear upon the questions upon which I am speaking:

1. If the jury believe the horse was frightened by the donkeys, and in turning around broke the wheel of the buggy, and that, on account of the broken wheel, part of the buggy axle was on the ground and prevented the driver from guiding the horse to the right of the road in order to avoid the stone heap, then the plaintiff cannot recover.

Answer: Understanding this to be a request for an instruction that the township is not liable if the injury received was

Arguments.

due to the fright of the horse, the broken wheel and the dragging axle, and not to a defect in the highway, it is affirmed.[2]

4. If the jury believe, from the evidence, that, notwithstanding the fright of the horse at the donkeys, if the wheel of the buggy had not been broken and the axle scraped the ground and impelled the horse and buggy toward and on the stone heap and hole, then the injury would not have occurred, the plaintiff cannot recover.

Answer : Understanding this to be a request for an instruction that the township is not liable, notwithstanding the fright of the horse, if the injury received was due to the broken wheel and the dragging axle, and not to a defect in the highway, it is affirmed.[3]

5. The general rule of law is, and this case is no exception to the rule, that a man is answerable for the consequences of the fault which are natural and probable ; if the fault happens to concur with something extraordinary and not likely to be foreseen, he will not be answerable.

Answer: As a general rule, this is affirmed.[4]

6. Where, as in this case, the facts are undisputed and the intervening agency causing the injury is manifest, the court should direct the jury to find for the defendant.

Answer: This is refused; there are questions of fact for the jury.[5]

The jury returned a verdict in favor of the plaintiff for $1,500. A new trial having been discharged, and judgment entered on the verdict, the defendant took this appeal assigning as error :

1. The portion of the charge embraced in [ ][1]
2–5. The answers to the defendant's points.[2 to 5]

*Mr. W. M. Derr*, for the appellant.

Upon the question of the plaintiff's contributory negligence, counsel cited: Hey v. Philadelphia, 81 Pa. 44; Gregory v. Adams, 14 Gray 242, 248; Waters v. Wing, 59 Pa. 211, 213; Wharton on Neg., 2d ed., § 86 ; Chartiers Tp. v. Phillips, 122 Pa. 601 ; Bishop v. Schuylkill Co., 20 W. N. 105 ; Wharton on Neg., 2d ed., § 984. Upon the question of proximate cause: Moore v. Abbot, 32 Me. 46 ; Moulton v. Sandford, 51 Me. 127 ;

Syllabus.

Billings v. Worcester, 102 Mass. 329; Aldrich v. Gorham, 77 Me. 287; Titus v. Northbridge, 97 Mass. 258; Norton v. Taunton City, 97 Mass. 266; McGrew v. Stone, 53 Pa. 436; Hoag v. Railroad Co., 85 Pa. 293; West Mahanoy Tp. v. Watson, 116 Pa. 344; Del. etc. R. Co. v. Cadow, 120 Pa. 559.

*Mr. Grant Weidman* (with him *Mr. P. S. Keiser*), for the appellee.

Counsel cited: Burrell Tp. v. Uncapher, 117 Pa. 353; Lower Macungie Tp. v. Merkhoffer, 71 Pa. 276; Hey v. Philadelphia, 81 Pa. 44; Norristown v. Moyer, 67 Pa. 355; Erie City v. Schwingle, 22 Pa. 385; Beach on Cont. Neg., § 76; Wharton on Neg., 2d ed., §§ 99, 984; Hunt v. Pownal, 9 Vt. 411; Baldwin v. Turnpike Co., 40 Conn. 238; Plymouth Tp. v. Graver, 125 Pa. 36; Jackson Tp. v. Wagner, 127 Pa. 185; McCully v. Clarke, 40 Pa. 406; Penna. Canal Co. v. Bentley, 66 Pa. 34.

PER CURIAM:

If there is anything the matter with this case, it is the verdict. Over that we have no control. The rulings of the learned judge below are free from error.

Judgment affirmed.

---

## DEF. BALLOU ET AL. v. JAMES MARCH.

APPEAL BY PLAINTIFFS FROM THE COURT OF COMMON PLEAS OF LEBANON COUNTY.

Argued February 21, 1890—Decided March 3, 1890.

1. Specific performance of a contract will not be decreed by proceedings in equity, unless the terms of the contract are clear and certain, capable of ascertainment from the instrument itself, and such as afford to the parties mutuality of remedy.
2. The contract of defendant to assign a judgment he held against a railroad company, the assignee to sell out the road, organize a new company, and give defendant " securities thereof . . . . . and a contract for construction," was not enforceable against defendant.